Andrew D. Wright, #8857
Jeremy G. Knight, #10722
STRONG & HANNI, P.C.
9350 South 150 East, Suite 820
Telephone: (801) 532-7080
Facsimile: (801) 596-1508
awright@strongandhanni.com
jknight@strongandhanni.com
*Attorneys for Defendant*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH – NORTHERN DIVISION

| | |
|---|---|
| JOHN MICHAEL HOWARD, an individual, and KIMBERELY ANN HOWARD, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>Defendant. | **DEFENDANT'S NOTICE OF REMOVAL**<br><br>Case No.: 1:22-cv-00099-DAO<br>Judge: Daphne A. Oberg |

Defendant State Farm Mutual Automobile Insurance Company ("Defendant") provides notice of removal of this action from the First Judicial District Court of Cache County, State of Utah, to the United States District Court for the District of Utah (Northern Division).

Removal is made pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 and is proper based on (1) complete diversity of citizenship of the parties and (2) an amount in controversy exceeding $75,000.00, as supported by the following:[1]

1.  Plaintiff served Defendant on 07/15/2022 with a Complaint entitled *John Michael*

---

[1] Defendant complies herein with local rule DUCivR 81-2, regarding removed actions.

*Howard and Kimberly Ann Howard v. State Farm Mutual Automobile Insurance Company*, in the First District Court, State of Utah. A copy of the state court docket is attached to this Notice as Exhibit A.

2. The Complaint alleges that Plaintiffs "are residents of and domiciled in Cache County, State of Utah." (Complaint at ¶ 1, Ex. B.)

3. The Complaint alleges that Defendant "is an Illinois Corporation, having its principal place of business in Bloomington, Illinois and is registered to do business in the State of Utah." (Complaint at ¶ 2, Ex. B.)

4. Plaintiff thus does not allege that Defendant, a corporation, is incorporated in Utah or has its principal place of business in Utah.

5. In fact, as stated by Plaintiffs, Defendant is incorporated in Illinois and has its principal place of business in Bloomington, Illinois. (Complaint at ¶ 2, Ex. B.). Defendant thus has foreign citizenship and domicile for purposes of diversity jurisdiction.

6. Plaintiffs designate their case a Tier 3 under URCP 26(c)(3), meaning they allege damages of $300,000.00 or more. (Complaint at ¶ 4, Ex. B.)

7. Plaintiffs allege they were in an auto accident with Thomas Nuttall, wherein he allegedly "ran a red light and caused a violent T-bone collision in which the front bumper portion of his truck struck the front left driver's side portion of Plaintiffs' vehicle at 60 mph."

8. Plaintiff alleges that "[a]s a direct result of Defendant's actions, Plaintiffs suffered bodily injury which caused pain and suffering, disability, mental anguish, diminished capacity to enjoy life, expense of hospitalization, expense of medical and therapeutic care, loss of earnings, and diminished ability to earn money in the future." (Complaint at ¶ 13, Ex. B.)

9. Plaintiffs allege that Defendant breached its insurance contract with Plaintiffs

(Complaint at ¶¶ 24-29, Ex. B.)

10. Plaintiffs seek past, present, and future special damages, including medical expenses, lost wages, and out-of-pocket expenses in an amount to be established at trial. Additionally, Plaintiffs seek past, present, and future general damages, including emotional pain and suffering, loss of enjoyment of life, permanent impairment and/or disability in an amount to be established at trial. Plaintiffs also seek pre-judgment and post-judgment interest, reasonable attorneys fees, and any other relief deemed fair and equitable under the circumstances.

11. As set forth above, Plaintiff's damages-claims as pleaded exceed the federal monetary jurisdictional threshold.

12. Plaintiffs' insurance policy includes underinsured motor vehicle coverage of $300,000 per accident. (Policy Declarations page, Ex. C.)

13. Removal of this action is proper under 28 U.S.C. § 1332 (a) and § 1441(a)-(b) because the parties have complete diversity of citizenship (as Plaintiff is a citizen of Utah and Defendant, a corporation, has its principal place of business and is incorporated in Illinois) and because the alleged damages at issues satisfy the jurisdictional requirement of an amount in controversy in excess of $75,000.00.

14. This Notice is filed within 30 days after the Complaint was served on Defendant on 07/15/22. 28 U.S.C. § 1446(a)-(b).

DATED this 5th day of August, 2022.

            STRONG & HANNI

            By: _/s/ Jeremy G. Knight_
              Andrew D. Wright
              Jeremy G. Knight
              *Attorneys for Plaintiff*

## Certificate of Service

I hereby certify that on this 5th day of August, 2022, a true and correct copy of the foregoing **Defendant's Notice of Removal** was served by the method indicated below, to the following:

| | | |
|---|---|---|
| Brent J. Matthew<br>MATTHEWS LAW GROUP<br>189 South Street #232<br>Clearfield, Utah 84015<br>brent@bmatthewslaw.com<br>*Attorneys for Plaintiff* | ( )<br>( )<br>( )<br>(X)<br>(X) | U.S. Mail, Postage Prepaid<br>Hand Delivered<br>Facsimile<br>Email<br>CM/ECF System |

   /s/ Heidi McEwen